IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

OLOTOR, L.L.C. d/b/a WALNUT GROVE                                   PLAINTIFFS
NURSING AND REHABILITATION
CENTER, BRIAR HILL MANAGEMENT,
LLC, WGNC HOLDINGS, L.L.C.,
DAVID W. ROTOLO, AND
ROBERT S. ROTOLO

V.                          CASE NO. 5:20-CV-5013

JANICE TOWNSEND, as special
Administratrix of the estate of
Ina Grigg, and on behalf of the
wrongful death beneficiaries of
Ina Grigg                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiffs OLOTOR, L.L.C. d/b/a Walnut Grove Nursing and Rehabilitation Center ("OLOTOR"), Briar Hill Management, LLC ("Briar Hill"), WGNC Holdings, L.L.C. ("WGNC"), David Rotolo, and Robert Rotolo (collectively, "Plaintiffs") bring this diversity action pursuant to 9 U.S.C. § 4 of the Federal Arbitration Act ("FAA"). Plaintiffs ask this Court to compel Defendant Janice Townsend to arbitrate a medical malpractice case now pending in the Circuit Court of Washington County, Arkansas, and to stay that case.[1] Plaintiffs have filed a Petition for Expedited Consideration (Doc. 5) and a Motion for Judgment on the Pleadings (Doc. 12). Ms. Townsend has filed Responses to both (Docs. 9, 15), as well as an Answer (Doc. 8). For the reasons set forth below, the Court **GRANTS**

---

[1] The underlying state court action is styled as follows: *Janice Townsend as Special Administratrix of the Estate of Ina Grigg, and on behalf of the wrongful death beneficiaries of Ina Grigg v. OLOTOR, L.L.C. d/b/a Walnut Grove Nursing and Rehabilitation Center, et al.*, Case No. 72-CV-2019-3195 (Washington Cnty. Circuit Ct.).

1

Plaintiffs' Petition for Expedited Consideration and Motion for Judgment on the Pleadings (Docs. 5, 12).

## I. BACKGROUND

Ms. Grigg was a resident of OLOTOR's Walnut Grove Nursing and Rehabilitation Center from February 1, 2018, until her death on February 28, 2018. Following Ms. Grigg's death, her daughter Ms. Townsend, on behalf of Ms. Grigg's estate, sued Plaintiffs in the Circuit Court of Washington County, Arkansas, alleging negligence, medical malpractice, breach of contract, violations of the Arkansas Long-Term Care Facility Residents Rights Act and the Arkansas Deceptive Trade Practices Act, civil conspiracy, and intentional interference with a contractual relationship. Plaintiffs are all citizens of states other than Arkansas. Ms. Townsend also sued other individuals in the state court case: Ronald Cluck, Timothy Darnell, and five John Does. Mr. Cluck and Mr. Darnell are administrators of OLOTOR's nursing home, and they are both citizens of Arkansas. (Doc. 2-1, p. 5). In response, Plaintiffs commenced this action to compel arbitration of Ms. Townsend's claims. Plaintiffs did not include Mr. Cluck or Mr. Darnell in this action, as they are nondiverse parties whose presence would have defeated diversity jurisdiction.

When Ms. Grigg was admitted to OLOTOR's nursing home in February 2018, Ms. Townsend signed the Admission Agreement with OLOTOR as a "Resident Representative. *See* Doc. 2-2, pp. 5–16. The Admission Agreement contains an Arbitration Provision, which provides that "[t]he Facility and the Resident agree to have an arbitrator (not a court) decide any and all claims or disputes arising out of or relating to the Admission Agreement, and/or any medical, nursing or personal care provided to the Resident by the Facility." *Id.* at 10. The parties to the Arbitration Provision are defined

as "the employees, agents, officers, affiliates of any parent, subsidiary, or management company of the facility and its medical director" as well as "any person whose claim is or may be derived through or on behalf [of] the individual resident." *Id.* The Admission Agreement also contains a Delegation Provision which provides that "[t]he arbitrator, and not any . . . court . . . , shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of the Arbitration Provision . . . ." *Id.* at 11. Ms. Townsend also signed an "Arbitration Checklist" in which she acknowledged understanding the Arbitration Provision. *Id.* at 15–16.

Ms. Townsend's authority to sign the Admission Agreement on Ms. Grigg's behalf allegedly arises out of a General Power of Attorney ("POA") and a Durable Power of Attorney for Health Care ("HPOA"), both of which were executed by Ms. Grigg on May 19, 2008, and are attached to Plaintiffs' Complaint. *Id.* at 18–22. The POA provides that Ms. Townsend "shall have full power and authority to act on [Ms. Grigg's] behalf" and that Ms. Townsend is authorized to "exercise all of [Ms. Grigg's] legal rights and powers . . . [which] shall include, but not be limited to . . . , enter binding contracts on [Ms. Grigg's] behalf." *Id.* at 18. Two witnesses executed the POA, and it is also notarized. *Id.* The HPOA appoints Ms. Townsend as Ms. Grigg's agent to "make any and all health care decisions" on Ms. Grigg's behalf. *Id.* at 22. Two witnesses executed the HPOA. *Id.* Now, Ms. Townsend argues that the Admission Agreement and the arbitration clauses therein are not enforceable because she did not have authority to sign the Admission Agreement on Ms. Grigg's behalf. Alternatively, she argues that if she did have such authority, she did not intend to bind Ms. Grigg to the Admission Agreement.

Below, the Court discusses the following issues: (1) its subject-matter jurisdiction over this action; (2) the validity and enforceability of the Delegation Provision; and (3) the appropriateness of staying the state court action.

## II. LEGAL STANDARD

The FAA requires courts to enforce written agreements to arbitrate disputes and reflects a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "[C]ontract provisions directing arbitration shall be enforceable in all but limited circumstances." *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003). Further, contracting parties may include delegation provisions by which they agree to have an arbitrator decide threshold questions of arbitrability, such as the validity or enforceability of the arbitration agreement. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010); *Shockley v. PrimeLending*, 929 F.3d 1012, 1018 (8th Cir. 2019). A delegation provision is "a severable and presumably valid provision of a contract" that must be enforced unless "specifically challenged." *Shockley*, 929 F.3d at 1018. When an arbitration agreement contains a clear and unmistakable agreement to arbitrate gateway issues of arbitrability, arguments regarding the arbitration agreement's validity or enforceability are for the arbitrator to decide. *Rent-A-Center*, 561 U.S. at 69 n.1. However, when a litigant specifically challenges the validity of the *delegation provision*, and not just the general validity of the arbitration agreement, the court should determine whether the delegation clause is valid. If the court finds that the delegation provision is valid and enforceable, the court's analysis is at an end: it must refer the matter to arbitration.

Typically, where matters outside of the pleadings are raised by the parties, a motion to compel arbitration is properly analyzed under Federal Rule of Civil Procedure 56 as a motion for summary judgment. *See City of Benkelman v. Baseline Engineering Corp.*, 867 F.3d 875, 882 (8th Cir. 2017). When deciding a motion for judgment on the pleadings under Rule 12(c), however, courts may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quotation omitted)). Here, the POA and HPOA are attached to Plaintiff's Complaint, so Plaintiffs' Petition for Expedited Consideration and Motion for Judgment on the Pleadings are properly considered under Rule 12(c). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). The Court considers "all facts pleaded by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party." *Id.* (citing *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004)).

### III. DISCUSSION

Plaintiffs ask the Court to enforce the Delegation Provision and immediately compel arbitration to determine the preliminary matter of whether Ms. Townsend's state court claims must be resolved through arbitration. Preliminarily, the Court notes that, although Ms. Townsend did not explicitly raise the issue, the Court's subject-matter jurisdiction is in question. Further, Ms. Townsend argues that the Delegation Provision

5

is not binding upon Ms. Grigg's estate for the following reasons: (1) the FAA does not apply to the Admission Agreement;[2] (2) federal Medicaid regulations at 42 C.F.R. § 483.70(n) preclude arbitration of her claims; and (3) she did not have authority to sign the Admission Agreement on Ms. Grigg's behalf and did not act as Ms. Grigg's agent when she signed the Admission Agreement. Finally, even if the Court enforces the Delegation Provision, Ms. Townsend argues that this Court cannot stay her state court claims against Mr. Cluck and Mr. Darnell, both of whom are not parties to this case.

For the reasons discussed below, the Court concludes that it does have subject-matter jurisdiction over this matter. The Court also finds that the Delegation Provision is valid and enforceable against the parties to this action, and the Court will therefore enforce it. Finally, the Court determines that the state court action should be stayed, in part.

### A. The Court Has Subject-Matter Jurisdiction

The FAA does not create independent federal question jurisdiction; instead, § 4 of the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute . . . ." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26 n.32. Here, Plaintiffs assert that subject-matter jurisdiction exists due to diversity of citizenship, *see* 28 U.S.C. § 1332, which requires complete diversity among the parties and a least $75,000 in controversy. To determine Ms. Townsend's citizenship, the Court looks to the citizenship of Ms. Grigg. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen

---

[2] In lieu of the FAA, Defendant would have the Court apply Arkansas's Uniform Arbitration Act, which bans the arbitration of personal injury and tort claims. *See* Ark. Code Ann. § 16-108-233.

6

only of the same State as the decedent."). In her state court Complaint, Ms. Townsend asserts that Ms. Grigg was a citizen of Arkansas. (Doc. 2-1, p. 2). As for Plaintiffs, none of them are citizens of Arkansas. (Doc. 2, p. 2–3). Complete diversity therefore exists. As for the amount-in-controversy, Plaintiffs have alleged that the amount in controversy exceeds $75,000. *Id.* at 3. Thus, the pleadings here sufficiently allege subject-matter jurisdiction under 28 U.S.C. § 1332, at least among the parties to this federal action. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (holding that, when a party challenges a complaint on its face, the factual allegations in the pleadings are assumed to be true).

Ms. Townsend has raised the possibility that the nursing home's administrators, Mr. Cluck and Mr. Darnell, both of whom were not sued in this action but who are parties to the state court action, are indispensable parties whose citizenship destroys diversity jurisdiction. Unfortunately for Ms. Townsend, the Eighth Circuit foreclosed this argument in *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010). In that case, representatives of the estate of a nursing home resident brought a state court action against a nursing home operator and administrators. 605 F.3d at 485. The decedent and the operator were citizens of different states, but the decedent and the administrators were citizens of the same state. *Id.* The operator filed an action in federal court to compel arbitration of the state court action; the administrators did not join the federal court action. *Id.* The district court initially entered an order compelling arbitration but then vacated that order on the basis that the nonparty, nondiverse administrators destroyed diversity jurisdiction. *Id.* at 485–86. The Eighth Circuit reversed and held that "a party joined in a parallel state court contract or tort action who would destroy diversity

7

jurisdiction is not an indispensable party under Rule 19 in a federal action to compel arbitration." *Id.* at 491 (citation omitted).

This binding precedent ties the Court's hands: Mr. Cluck and Mr. Darnell are not indispensable parties in this action, so their citizenship does not destroy complete diversity. Accordingly, complete diversity exists and the Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

### B. The Delegation Provision is Valid and Enforceable

The Court next turns to the Delegation Provision, which provides that "[t]he arbitrator, and not any . . . court . . . , shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of the Arbitration Provision . . . ." (Doc. 2-2, p. 11). The FAA requires courts to enforce delegation provisions to the extent such provisions are valid and enforceable under state contract law. *Rent-A-Center, W., Inc.*, 561 U.S. at 70. Thus, if the Delegation Provision is valid and enforceable, then the Court must compel arbitration of the preliminary matter of whether Ms. Townsend's state court claims must be resolved through arbitration.[3]

For the following reasons, the Court concludes that: (1) the FAA does apply to the Admission Agreement and, by extension, the Delegation Provision; (2) federal Medicaid regulations do not preclude enforcement of the Delegation Provision; and (3) the

---

[3] OLOTOR is undisputedly a party to the Delegation Provision, as it is named as a party to the Admission Agreement. (Doc. 2-2, p. 5). As for the remaining Plaintiffs, in her state court Complaint, Ms. Townsend alleges that they are each owners of the Walnut Grove nursing home facility. (Doc. 2-1, pp. 3–4). Under Arkansas law, "a nonsignatory may compel a signatory to arbitrate claims in limited circumstances," such as when a nonsignatory is the owner of a signatory. *See Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 785 (8th Cir. 2016), *reh'g and reh'g en banc denied* (8th Cir. Dec. 21, 2016). Accordingly, the Court concludes that the Delegation Provision applies to Ms. Townsend's claims against each of the Plaintiffs.

Delegation Provision is binding upon Ms. Grigg's estate. Because the Delegation Provision is valid and enforceable, the Court must compel arbitration of this matter.

### 1. The FAA Applies to the Delegation Provision

The FAA applies to all written contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has interpreted "involving commerce" broadly to constitute "the functional equivalent of 'affecting [commerce].'" *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1995). In the memorandum of authorities attached to her Answer, Ms. Townsend acknowledges that Ms. Grigg was a Medicaid patient and that Plaintiffs' nursing home was subject to federal Medicaid regulations. (Doc. 8, p. 12). *See United States v. Ogba*, 526 F.3d 214, (5th Cir. 2008) ("[I]t cannot seriously be contended that . . . [Medicare and Medicaid] do not affect commerce.") (citation and internal quotation omitted). Indeed, the Admission Agreement itself states that it "evidences a transaction in interstate commerce" and that "this Arbitration Provision shall be governed by and interpreted under the Federal Arbitration Act . . . ." (Doc. 2-2, p. 13). For these reasons, the Court concludes that the FAA governs the Admission Agreement and the Delegation Provision contained within.

### 2. Medicaid Regulations Do Not Preempt the Delegation Provision

While it is true that Medicaid regulations place conditions on the use of pre-dispute binding arbitration agreements by nursing home facilities, *see* 42 U.S.C. § 483.70(n), those regulations did not go into effect until September 2019 and apply only prospectively. Revision of Requirements for Long-Term Care Facilities: Arbitration Agreements, 84 Fed. Reg. 34718, 34729 (July 18, 2019) (codified at 42 C.F.R. pt. 483). The Admission

9

Agreement was executed on February 2, 2018. (Doc. 2-2, p. 15). Accordingly, this argument against the Delegation Provision fails.

### 3. The Delegation Provision Binds Ms. Grigg's Estate

Ms. Townsend makes various arguments about how the POA she signed does not bind Ms. Grigg's estate. She argues that the POA "is limited to financial and property matters" and did not give her authority to enter into any type of arbitration agreement. (Doc. 8, p. 25). Relatedly, Ms. Townsend argues that Plaintiffs did not rely upon the POA when Ms. Townsend executed the Admission Agreement and therefore Ms. Grigg's estate cannot be bound by the Admission Agreement. (Doc. 9, p. 7). For the reasons discussed below, both of these arguments fail, and the Court concludes that Ms. Townsend's signature binds Ms. Grigg's estate to the Delegation Provision.

"When a third party signs an arbitration agreement on behalf of another, [a court] must determine whether the third party was clothed with the authority to bind the other person to arbitration."[4] *Robinson Nursing and Rehab. Ctr., LLC v. Phillips*, 586 S.W.3d 624, 630 (Ark. 2019) (citing *Courtyard Gardens Health & Rehab., LLC v. Sheffield*, 495 S.W.3d 69, 71 (Ark. 2016)), *petition for cert. filed*, (U.S. Mar. 20, 2020) (No. 19-1154). "Not only must the agent agree to act on the principal's behalf and subject to his control, but the principal must also indicate that the agent is to act for him." *Id.* (citing *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 428 S.W.3d 437, 443 (Ark. 2013)). Plaintiffs bear the burden of establishing that Ms. Townsend was Ms. Grigg's agent. *Id.*

---

[4] Both parties cite to Arkansas law in their filings, and the Court concurs that Arkansas law governs whether the Delegation Provision is a valid and enforceable contract. *See Donaldson Co., Inc. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 732 (8th Cir. 2009) (citation omitted) (holding that state contract law governs whether an enforceable agreement to arbitrate exists).

10

Plaintiffs have established that Ms. Townsend had authority to enter into contracts on Ms. Grigg's behalf, including the Delegation Provision. According to the POA attached to the Complaint, Ms. Grigg appointed Ms. Townsend as her power-of-attorney on May 19, 2008. (Doc. 2-2, p. 18). The POA is signed by Ms. Grigg and two witnesses, and it is notarized. *Id.* at 20. The POA states that Ms. Townsend had authority "to manage and conduct all of [Ms. Grigg's] affairs and to exercise all of [Ms. Grigg's] legal rights and powers." *Id.* at 18. It also provides that Ms. Townsend had power to "[e]nter into binding contracts on [Ms. Grigg's] behalf." *Id.* Therefore, Ms. Townsend had actual authority to bind Ms. Grigg to the Delegation Provision.[5]

Further, it cannot be disputed that Ms. Townsend acted within her actual authority when she executed the Admission Agreement. "It is well settled that an agent's acts are binding on the principal if the agent was acting within the scope of [the agent's] authority." 1 Howard Brill, Arkansas Law of Damages § 15:1 (2019) (citations omitted). Ms. Townsend signed the Admission Agreement as the "Resident Representative" in three separate places. (Doc. 2-2, pp. 14–16). The Admission Agreement defined "Resident Representative" as "an agent, some other individual, or family member who is willing to assist the Facility in providing for the resident's admission." *Id.* at 5. It is true that Ms. Townsend *did not* check a box indicating that she had power-of-attorney for Ms. Grigg, *id.* at 15, but this omission is clearly a scrivener's error. In any event, as already discussed, the POA gave Ms. Townsend authority to manage all of Ms. Grigg's affairs

---

[5] The Court notes that the HPOA's effectiveness is contingent upon Ms. Grigg's incapacity. *See* Doc. 2-2, p. 22. As there is no allegation that Ms. Grigg was incapacitated, the Court cannot conclude that the HPOA provided Ms. Townsend with actual authority to act as Ms. Grigg's agent.

and to enter into binding contracts. Even construing all inferences in favor of Ms. Townsend and assuming her pleadings to be true, there is no remaining question of fact as to whether Ms. Townsend acted as Ms. Grigg's agent when she executed the Admission Agreement. Accordingly, the Delegation Provision binds Ms. Grigg and her estate.

Because the Delegation Provision is valid and enforceable against Ms. Grigg's estate, the Court's inquiry is at an end, and all other questions must go before an arbitrator.[6]

### C. Staying the State Court Action

The final issue to be resolved is whether the state court action should be stayed pending arbitration. Ms. Townsend argues that, even if the Court compels her to arbitrate her claims against Plaintiffs, the Court should not compel arbitration of pending claims against Ronald Cluck and Timothy Darnell, both of whom are not parties to this federal action.

As an initial matter, the Court will stay the state court action as to Ms. Townsend's claims against the Plaintiffs. The FAA authorizes federal courts to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has held that this provision of the FAA allows federal courts to stay state court proceedings. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 27 n.34;

---

[6] Because the Court finds that the Delegation Provision is valid and enforceable, the Court declines to allow Ms. Townsend pre-arbitration discovery. The arguments raised by Ms. Townsend are resolved by the pleadings and the attached exhibits. Thus, discovery is unwarranted and would only delay the inevitable. Similarly, since the Court's inquiry does not extend past the Delegation Provision, it does not opine on Ms. Townsend's arguments regarding the lack of mutuality in the Arbitration Provision.

*see* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except . . . to protect or effectuate its judgments"). Accordingly, pursuant to this authority and in order to effectuate its order compelling arbitration, the Court stays Ms. Townsend's claims against the Plaintiffs in the state court action.

The only remaining issue is whether this Court should stay Ms. Townsend's claims against Mr. Cluck and Mr. Darnell in the state court action. The Court will not stay those claims. To the extent Ms. Townsend is prejudiced because she may be forced to litigate her claims against Mr. Cluck and Mr. Darnell in state court while simultaneously arbitrating her claims against Plaintiffs, the law is clear that "piecemeal resolution may be required 'when necessary to give effect to an arbitration agreement.'" *We Care Hair Dev., Inc. v. Engen*, 180 F.3d 838, 842 (7th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 20). None of the Parties have offered arguments as to why piecemeal litigation is necessarily prejudicial, and the Court does not see why a stay of Ms. Townsend's claims against Mr. Cluck and Mr. Darnell is necessary to effectuate and protect its judgment compelling arbitration of Ms. Townsend's other claims. Accordingly, the Court will not stay Ms. Townsend's state court claims against Mr. Cluck and Mr. Darnell.[7]

## IV. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Plaintiffs' Petition for Expedited Consideration (Doc. 5) and Motion for Judgment on the Pleadings (Doc. 12). Pursuant to the Delegation Provision, the Court **COMPELS** Ms. Townsend and

---

[7] Neither party discusses the John Doe defendants in the state court action. The Court declines to stay Ms. Townsend's claims against those individuals for the same reasons it declines to stay the claims against Mr. Cluck and Mr. Darnell.

13

Plaintiffs to arbitrate whether Ms. Townsend's state court claims must be resolved through arbitration. That state court action is **STAYED** as to the claims between Plaintiffs and Ms. Townsend. Ms. Townsend's claims in state court against Mr. Cluck, Mr. Darnell, and the John Doe individuals are not stayed. Finally, the Clerk of Court **SHALL CLOSE** this case.

**IT IS SO ORDERED** on this 13th day of April, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE